Appeal from decision and award of the Workmen’s Compensation Board. Claimant sustained a back strain on June 12, 1945, while loading eases of beer on a truck. Disability for intermittent periods thereafter was claimed. The board has found total disability from January 28, 1947, to May 5, 1947, and partial disability from March 29, 1948, to August 23, 1948. Other periods are not in dispute, but appellants contend there is no substantial evidence to sustain these findings. As to the period in which total disability was found, it is not disputed that claimant was then unemployed. He stated in a letter to the carrier that he had opened a gasoline station at the close of this period and he testified that this was when he “ returned to work ”. There is medical proof suggesting physical incapacity during the period: “he * * * had a very disabling time this last two years”. From all of this and from other inferences in the record, the board had a basis for finding total disability during the disputed period. The partial disability during the period in 1948 also had a basis in the record. The clear inference of medical reports is that the condition of his back requiring light work in that period is related to the accident. One report shows he had recovered from the effects of the accident, but linked the condition to the necessity to avoid heavy work. There is additional proof that claimant did no lifting and did light work during the period. It is on this that the award of partial disability was based. Decision and award affirmed, with costs to Workmen’s Compensation Board. Foster, P. J., Heffernan and Bergan, JJ., concur; Brewster, J., dissents in the following memorandum, in which Coon, J., concurs and votes to modify and reduce that part of the award based on total disability and reverse that part based on partial disability: The increase of the prior award for thirteen and five-sixths weeks for the period January 28, 1947, to May 5, 1947, to $28 per week for total disability is without evidence to sustain it. The evidence discloses that claimant was but partially disabled during said period, and this called for the $25 rate. (Workmen’s Compensation Law, § 15, subd. 6.) The *815 disability award for the twenty-one week period from March 29,1948, to August 23, 1948, amounting to $349.33, was without evidence to sustain it. There is nothing in the record which refutes the medical proof that claimant had, during that time, fully recovered from all disability attributable to his accident of June, 1945, and that such partial disability as remained was due to antecedent conditions and causes. ,